UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-80235-CR-Middlebrooks/Brannon

18 U.S.C. §1343
18 U.S.C. §2

UNITED STATES OF AMERICA

VS.

SHERRY TINA UWANAWICH,
a/k/a Jacklyn Miller,

DEFENDANT.
_____/

FILED BY __KJZ__

Dec 6, 2018

STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. West Palm Beach

## INDICTMENT

The Grand Jury charges that:

### General Allegations

At all times relevant to this Indictment:

1. Defendant **SHERRY TINA UWANAWICH**, a/k/a Jacklyn Miller, represented herself as a psychic and spiritual healer, with God-given powers, able to communicate with the spirit world and to assist clients through personal difficulties.

2. The defendant resided in and engaged in some of the activities described in this indictment in the Southern District of Florida.

### COUNTS 1-3
(Wire Fraud - 18 U.S.C. §1343)

3. The General Allegations contained Paragraphs 1 and 2 of this Indictment are realleged and incorporated by reference as if fully set forth herein.

1

4. From at least as early as 2007, and continuing to and through 2014, in Palm Beach County, and elsewhere in the Southern District of Florida, the defendant,

**SHERRY TINA UWANAWICH,**
**a/k/a Jacklyn Miller,**

did knowingly and with intent to defraud, devise a scheme and artifice to defraud and to obtain money and property from others by means of materially false and fraudulent pretenses, representations, and promises, and by omissions of material fact, and for the purpose of executing the scheme and artifice to defraud, to cause to be transmitted certain writings, signs, signals, and sounds, by means of wire communication in interstate commerce.

## OBJECT OF THE SCHEME TO DEFRAUD

5. It was the object of the scheme to defraud that the defendant would seek to unjustly enrich herself by obtaining money, jewelry and other valuables based upon false pretenses, representations, promises, and omissions of material fact, including, but not limited to, falsely representing herself to have God-given powers that enabled her to help people afflicted with curses. The defendant would claim that her curse-lifting work required her to receive money for the purchase of various expensive items needed for rituals.

## MANNER AND MEANS

The manner and means by which the defendant sought to accomplish the object of the scheme to defraud included, among other things, the following:

6. The defendant, using the fictitious name Jacklyn Miller, held herself out to V.G. (hereinafter referred to as "victim") as a person in the fortune telling business, endowed with God-given powers and able to assist clients suffering from physical, emotional and spiritual difficulties.

2

7. The defendant claimed to engage in meditations in order to communicate with spirits or higher beings. Based upon these meditations, the defendant claimed to have learned that the victim was suffering from a "curse" that purportedly had been placed upon her now deceased mother and which had been passed on to her.

8. In the course of multiple meetings/sessions and interstate telephone conversations over a period of years with the victim, the defendant made various false representations to the victim, including, but not limited to the following:

   a. That the defendant had learned from the spirits/guides that the victim or victim's family was suffering from a "curse" which was the cause of the victim's current turmoil/strife;

   b. That the defendant could assist the victim in ridding the victim and victim's family or blood line of this curse and restore the victim's life to harmony and balance;

   c. That in order to remove the curse, the defendant needed cash from the victim to purchase various expensive "materials," such as special candles and crystals;

   d. That, on at least one occasion, the defendant needed items of jewelry and other personal property to "work with" in her "curse removal work," promising that said items would be returned. The items were never returned.

   e. That money and other property furnished by the victim was not for the personal use or benefit of the defendant;

   f. That the failure of the victim to continue to furnish more money or property to the defendant would result in the "work" becoming undone and result in harm to the victim or victim's family or loved ones.

9. The defendant would instruct the victim to deposit cash into the victim's bank accounts and to furnish the defendant with a debit card that would enable the defendant to remove funds at will.

10. The defendant would instruct the victim to deposit funds directly into the defendant's bank accounts.

11. The defendant would instruct the victim to send funds from Texas to the defendant in the Southern District of Florida via Western Union wires.

12. The defendant would instruct the victim not to talk about or tell others about their meetings or the large sums of money that the victim was furnishing to the defendant, claiming that this would ruin the "work."

13. The defendant would fail to tell the victim that she was using the victim's money for the defendant's personal benefit and enjoyment.

14. As a result of the materially false and fraudulent pretenses, misrepresentations and promises, and omissions of material fact, the defendant caused the victim to provide to the defendant more than one million dollars in cash and other valuables.

## USE OF THE WIRES

15. On or about the dates set forth as to each count below, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, **SHERRY TINA UWANAWICH, a/k/a Jacklyn Miller,** for the purpose of executing the scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and omissions of material fact, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly transmit and cause to be transmitted in

interstate and foreign commerce, by means of wire communication, certain writings, signs, signals, pictures and sounds, as described below:

| COUNT | DATE | WIRE COMMUNICATION |
|---|---|---|
| 1 | 12/22/13 | Western Union wire transfer in the amount of $900 from Houston, Texas to Miami-Dade County, Florida |
| 2 | 12/22/13 | Western Union wire transfer in the amount of $200 from Houston, Texas to Miami-Dade County, Florida |
| 3 | 12/28/13 | Western Union wire transfer in the amount of $900 from Houston, Texas to Broward County, Florida |

All in violation of Title 18, United States Code, Sections 1343 and 2.

A TRUE BILL

_____
FOREPERSON

_____
ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

_____
ROGER H. STEFIN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **18-80235-CR-MIDDLEBROOKS**

UNITED STATES OF AMERICA

v.

SHERRY TINA UWANAWICH,
a/k/a Jacklyn Miller

_____ Defendant. _____/

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

| | | |
|---|---|---|
| New defendant(s) | Yes ___ | No ___ |
| Number of new defendants | ___ | |
| Total number of counts | ___ | |

**Court Division:** (Select One)
- ___ Miami
- ___ Key West
- ___ FTL
- ✓ WPB
- ___ FTP

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)  No
   List language and/or dialect _____

4. This case will take __5__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I    0 to 5 days      ✓
   - II   6 to 10 days     ___
   - III  11 to 20 days    ___
   - IV   21 to 60 days    ___
   - V    61 days and over ___

   (Check only one)
   - Petty   ___
   - Minor   ___
   - Misdem. ___
   - Felony  ✓

6. Has this case previously been filed in this District Court? (Yes or No) __No__
   If yes: Judge _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?  (Yes or No) __No__
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____

   Is this a potential death penalty case? (Yes or No) __No__

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?    Yes ___   No ✓

8. Does this case originate from a matter pending in the Northern Region U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?    Yes ___   No ✓

_____
Roger H. Stefin
ASSISTANT U.S. ATTORNEY
Florida Bar No. 287334

*Penalty Sheet(s) attached

REV 8/13/2018

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** SHERRY TINA UWANAWICH, a/k/a Jacklyn Miller

**Case No:** 18-80235-CR-MIDDLEBROOKS

Counts #: 1-3

Wire Fraud

Title 18, U.S.C. Section 1343

**\* Max.Penalty:** 20 Years' Imprisonment; 3 years supervised release; $250,000 Fine or twice the value of the gross gain or loss, whichever is greater; and a $100 special assessment and restitution.

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**