UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-80235-CR-RUIZ

UNITED STATES OF AMERICA

v.

SHERRY TINA UWANAWICH,

    Defendant.

## FACTUAL PROFFER

The United States Attorney's Office for the Southern District of Florida and the defendant, Sherry Uwanawich, agree that, if this case were to proceed to trial, the government would be able to establish a prima facie case of guilt against the defendant for the offenses charged in the indictment, based upon the following undisputed facts:

1. In or about 2007, the defendant met V.G. (hereinafter the "victim"), a 27 year old female, at a shopping mall in Houston, Texas. At the time, the victim was a medical student who was suffering from depression and otherwise going through some personal hard times. The defendant struck up a conversation with the victim and introduced herself as a spiritual counselor or psychic who could possibly help her. The victim agreed to accompany the defendant to a nearby fortune telling parlor so that the defendant could perform a psychic reading.

2. At the parlor, the defendant gained the victim's trust by talking about her own family. The defendant claimed to possess God-given powers which would enable her to determine the

1

root cause of her depression and whether a curse had been placed on the victim or her family. The defendant appeared to care about the victim, and the victim opened up to her about her own family and problems. The victim ultimately agreed to see the defendant for future sessions.

3. The victim began meeting with the defendant a couple of times a week, and the victim felt they were becoming very close friends. Not long after the first reading, however, the defendant began to ask the victim for a few hundred dollars here and there for "materials" such as candles and crystals, which she claimed she needed to conduct her alleged "spiritual work" which supposedly involved meditations at various secret locations. The victim complied.

4. Not long after they began meeting, the defendant told the victim that, through her spiritual work, she learned that the victim was suffering from a curse which, she claimed, had been placed on the victim's now deceased mother by a "witch" in South America. (The victim's family was from South America.) The defendant told the victim that the curse was the cause of her mother's death, and that, if she did not lift the curse, it would harm her and her family. The defendant told the victim she would need large sums of money to work with to remove the alleged curse. Being in a fragile state, the victim fully believed the defendant and began to give the defendant various sums of money in fear for her safety and wellbeing.

5. Initially the victim was able to come up with money demanded by the defendant by taking out student loans and by working extra hours at a night club she had been working at to finance her medical school expenses. As time went on, the victim complied with the defendant's increasing demands for money and for other items such as gift cards, clothing,

2

and a leased automobile by working longer hours, taking out additional loans and by borrowing from friends and family. Eventually, the victim gave the defendant hundreds of thousands of dollars from an inheritance she received after her father passed away. These activities resulted in severe financial hardship to the victim.

6. The relationship continued after the defendant moved from Texas to South Florida in 2008. Over a period of several years, the victim would furnish money to the defendant by various methods, including sending cash through Western Union and by depositing money into the victim's bank accounts, or, later, into defendant's bank accounts, after which the defendant would withdraw the money at ATM machines in South Florida.

7. In one instance, as reflected in Count 1 of the indictment, the victim sent $900 via an interstate wire transaction (via Western Union) in Houston, Texas to the defendant in Miami-Dade, Florida.

8. The victim continued to give money to the defendant based upon the continued belief that the money was necessary to protect the victim from an alleged curse.

9. In or about early 2014, the victim visited with the defendant in South Florida, during which time the defendant admitted to the victim that she had lied about the victim being cursed. She explained that she came from a family in which "fortune telling" was part of the tradition and claimed that she wanted to break from that lifestyle. She apologized for deceiving the victim and said that she wanted to repay her. However, to date, no repayments

have been made. The total amount of money given by the victim to the defendant exceeded $550,000.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 6/13/19    By: _____
ROGER H. STEFIN
ASSISTANT UNITED STATES ATTORNEY

Date: 6-13-19    _____
JAMES LEWIS, ESQ.
ATTORNEY FOR DEFENDANT

Date: 6-13-19    _____
SHERRY TINA UWANAWICH
DEFENDANT